NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

P.H., a minor, by and through her Guardian ad Litem, Lakesha Harris; LAKESHA HARRIS,

            Plaintiffs - Appellees,

 v.

COMPTON UNIFIED SCHOOL DISTRICT, a public entity,

            Defendant - Appellant.

Nos. 24-4589, 25-5240

D.C. No.
5:21-cv-00219-DMG-SSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted April 24, 2026
Pasadena, California

Before: FRIEDLAND and MILLER, Circuit Judges, and TRAUM, District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Anne R. Traum, United States District Judge for the District of Nevada, sitting by designation.

P.H. attended school in the Compton Unified School District (CUSD). After P.H. began experiencing serious medical issues, CUSD did not provide her with an individualized education program (IEP) to address her need for special education and related services but instead summarily disenrolled her. P.H. and her mother, Lakesha Harris, sought relief under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 *et seq.* An ALJ initially denied relief, but the district court reversed, and on remand, the ALJ found that CUSD had denied P.H. a free appropriate public education (FAPE). The district court affirmed that order and awarded attorney's fees to plaintiffs for the administrative proceedings and the district court litigation. CUSD now appeals the district court's decision on the merits (No. 24-4589) and its award of fees (No. 24-5240). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo questions of law and mixed questions of law and fact. *D.O. ex rel. Walker v. Escondido Union Sch. Dist.*, 59 F.4th 394, 405 (9th Cir. 2023). We review the district court's factual findings for clear error. *Id*. We review an award of attorney's fees for abuse of discretion. *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69*, 374 F.3d 857, 861 (9th Cir. 2004).

1. Plaintiffs argue that we lack jurisdiction over CUSD's appeal of the district court's merits decision because, at the time that appeal was filed, their motion for attorney's fees was still pending. *See Hacienda La Puente Unified Sch.*

*Dist. v. Honig*, 976 F.2d 487, 490 n.2 (9th Cir. 1992); *but see J.R. ex rel. Perez v. Ventura Unified Sch. Dist.*, 173 F.4th 1039, 1049–50 (9th Cir. 2026) (holding that *Hacienda* does not apply where fees are sought for both the ALJ proceedings and the district court litigation). While the merits appeal was pending, however, the district court entered a final judgment on attorney's fees. That judgment moots plaintiffs' objections, and we have jurisdiction over both appeals.

2. The ALJ had jurisdiction to adjudicate P.H.'s residency. The California Office of Administrative Hearings (OAH) has jurisdiction over a complaint alleging a "refusal to initiate or change the identification, assessment, or educational placement of the child or the provision of a free appropriate public education to the child." Cal. Educ. Code § 56501(a)(2). Determining which district is responsible for providing a FAPE ordinarily requires determining where the student lives. *See* 20 U.S.C. § 1413(a)(1) (requiring each "local educational agency" to provide services to children "within its jurisdiction"); *id.* § 1401(19)(A). Because the issue of residency is intertwined with whether an IDEA violation occurred, OAH had jurisdiction to address residency in the course of resolving the merits of P.H.'s complaint.

3. The district court correctly affirmed the ALJ's determination that CUSD denied P.H. a FAPE. The court found that the inter-district permit that initially authorized P.H. to attend school in CUSD was not revoked by Harris's subsequent

representations to CUSD that she had moved to Compton or by her attempts to reenroll P.H. based on her purported Compton residency. Even if Harris's employment-based permit would have been revoked had P.H. been reenrolled based on Harris's intra-district transfer application, which stated that she now lived in the district, CUSD *rejected* Harris's attempt to reenroll P.H. on that basis. CUSD then disenrolled P.H., despite never formally revoking the inter-district permit, asserting that she did not live in the district. The ALJ and the district court reasonably rejected CUSD's apparent view that Harris's representations gave rise to Schrödinger's residency, leaving P.H. a Compton resident for purposes of invalidating the inter-district permit, but not a Compton resident for purposes of enrollment on that basis.

Because the inter-district permit remained valid, CUSD owed duties to P.H. under the IDEA. CUSD does not seriously dispute that its combined actions of summarily disenrolling P.H. and not providing her with a proposed IEP constituted a procedural violation of the IDEA. CUSD argues, however, that it is not liable for the resulting denial of services and benefits that the district court and the ALJ found amounted to a denial of a FAPE.

CUSD argues that Harris was not physically employed within CUSD after March 12, 2018, the IDEA deadline, because she took several lengthy medical leaves beginning on March 15, 2018. CUSD reasons that the employment-based

inter-district permit, even if it was not revoked earlier, became invalid at that time. But CUSD's liability arose from its summary disenrollment of P.H. and its later failure to develop an IEP for her by the IDEA deadline, resulting in a six-month delay in P.H.'s receipt of special education and related services. Whether the permit remained valid after the IDEA deadline is irrelevant because CUSD's liability to P.H. flows from its IDEA violation, not from whether it remained responsible to her after her disenrollment.

CUSD also argues that it was not liable for P.H.'s not receiving a FAPE between March 16 and May 30, 2018, because P.H. was hospitalized in various institutions outside of its boundaries. California law assigns "educational responsibility" for hospitalized students to the local educational agency in which the hospital is located. Cal. Educ. Code § 56167(a). But that responsibility applies to "[i]ndividuals with exceptional needs," *id.*, defined as students who have already been "[i]dentified by an [IEP] team as a child with a disability," *id.* § 56026(a). During that time, P.H. had not been identified as a child with a disability because CUSD had summarily disenrolled her before providing her with an IEP. No other district had any responsibility for P.H. during that time. The months-long FAPE denial was caused by CUSD, not another district.

4. The district court did not abuse its discretion in awarding attorney's fees. In an IDEA case, the district court must consider the prevailing party's degree of

success. *Aguirre v. Los Angeles Unified Sch. Dist.*, 461 F.3d 1114, 1115 (9th Cir. 2006); *see Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). There is "no precise rule or formula for making these [fee] determinations," and the district court "necessarily has discretion in making this equitable judgment." *Hensley*, 461 U.S. at 436–37.

Plaintiffs initially requested more than $1.5 million. After applying a 30 percent reduction for limited success, along with other significant discounts and reductions, the district court awarded about $770,000 in attorney's fees. CUSD contends that the district court should have adopted a limited-success reduction of at least 70 percent. Although plaintiffs' path was circuitous, they ultimately succeeded in showing that CUSD denied P.H. a FAPE—"the most significant of successes possible under the [IDEA]." *V.S. ex rel. A.O. v. Los Gatos–Saratoga Joint Union High Sch. Dist.*, 484 F.3d 1230, 1234 (9th Cir. 2007) (quoting *Park ex rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1036 (9th Cir. 2006)). The difference between the relief plaintiffs sought and the relief they were granted did not so dilute their victory on their most important issues as to suggest that the district court abused its discretion in not further reducing the fee award.

**AFFIRMED.**